**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
MARY D'ORAZIO,                       :
                                     :
              Plaintiff,             :     CIVIL ACTION
                                     :
     vs.                             :     No. 09-cv-403
                                     :
HARTFORD INSURANCE COMPANY,          :
                                     :
              Defendant.             :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                    **June 23, 2009**

Before the Court is Defendant's partial Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11), Plaintiff's Response in Opposition (Doc. No. 13), and Defendant's Reply thereto (Doc. No. 14).

## I. BACKGROUND

Plaintiff, Mary E. D'Orazio ("D'Orazio"), is domiciled in the State of Delaware.  Defendant, Hartford Insurance Company ("Hartford" or "the Company"), is a corporation organized and existing under the internal laws of the State of Connecticut with its principle place of business in Connecticut.  This Court therefore has jurisdiction based on diversity pursuant to 18 U.S.C. §1332(a).

Plaintiff incurred substantial medical costs in the treatment of injuries sustained in an automobile accident that occurred in the City of Philadelphia.  Plaintiff's allegedly severe and permanent injuries have and will likely continue to prevent her from attending to her usual daily duties, labors, occupations and household chores, resulting in significant loss of Plaintiff's earning capacity. Plaintiff was insured under a policy of insurance which had been issued by Defendant, providing under its terms for medical benefits coverage.  Plaintiff alleges that she gave prompt, timely and reasonable notice to Defendant of her losses and first party claim for coverages, including medical benefits, and provided all required documents. Notwithstanding Plaintiff's efforts, Plaintiff alleges that Defendant failed to properly and promptly respond to Plaintiff's medical claim, and has failed to pay other first party medical benefits in breach of Defendant's duty to and agreement with Plaintiff.  Furthermore, Plaintiff alleges that Defendant committed these acts in bad faith.

Plaintiff filed her First Amended Complaint (Doc. No. 8) against Defendant on January 22, 2009, alleging two counts arising from the incident.  First, she has alleged that Defendant failed to properly and promptly respond to Plaintiff's claim for first party coverage in breach of

2

Defendant's duty, obligation and agreement with the
Plaintiff under the insurance policy, in violation of the
laws of Pennsylvania or Delaware, alternatively.  Second,
Plaintiff alleges that Defendant acted in bad faith pursuant
to Pennsylvania law or, in the alternative, Delaware law.
Plaintiff has requested recovery for lost income, loss of
her earning capacity or power, medical costs, court costs,
attorney fees, interest for Defendant's bad faith, and
punitive damages.  Defendant filed a Motion to Dismiss
seeking to dismiss Plaintiff's Pennsylvania state law claims
and Plaintiff has responded in opposition.

## II. STANDARD

In response to a pleading under Federal Rule of Civil
Procedure 12(b)(6), a defendant may assert by motion that
the plaintiff's complaint "[fails] to state a claim on which
relief can be granted."  In analyzing a Rule 12(b)(6) motion
to dismiss, we "accept all factual allegations as true,
construe the complaint in the light most favorable to the
plaintiff, and determine whether, under any reasonable
reading of the complaint, the plaintiff may be entitled to
relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008) (citations omitted).  "To survive a motion to
dismiss, a civil plaintiff must allege facts that 'raise a
right to relief above the speculative level . . . .'"  Id.

at 232 (quoting <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544,
127 S. Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)).  In
other words, the plaintiff must provide "enough facts to
raise a reasonable expectation that discovery will reveal
evidence of the necessary element[s]" of a particular cause
of action.  <u>Id</u>. at 234.  In ruling on a Rule 12(b)(6) motion
to dismiss, the court may consider documents "integral to or
explicitly relied upon in the complaint."  <u>In re Rockefeller</u>
<u>Sec. Lit.</u>, 184 F.3d 280, 287 (3d Cir. 1999).

### III. DISCUSSION

A. Plaintiff's Pennsylvania State Law Insurance Policy
Claims

District courts must determine the choice of law in a
diversity case by applying the choice of law rules of the
forum state.  <u>Compagnie des Bauxites de Guinee v. Argonaut-</u>
<u>Midwest Ins. Co.</u>, 880 F.2d 685, 688 (3d Cir. 1989) (citing
<u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496, 61
S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941)).  Under
Pennsylvania law, the first question to be considered where
there is a potential choice of law issue is "whether the
parties explicitly or implicitly have chosen the relevant
law." <u>Assicurazioni Generali v. Clover</u>, 195 F.3d 161, 164
(3d Cir. 1999) (citing <u>Smith v. Commonwealth National Bank</u>,
557 A.2d 775, 777 (Pa. Super. 1989)). <u>See</u> <u>also</u>, <u>Hatchigian</u>

4

v. State Farm Insurance Company, No. 07-3217, 2008 U.S.
Dist. LEXIS 96161 at *17, 2008 WL 5002957 at *7 (E.D. Pa.
Nov. 25, 2008) (holding parties implicitly intended Delaware
bad faith law to apply to insurance contract that clearly
and repeatedly referenced Delaware and Delaware law); Kilmer
v. Connecticut Indemnity Company, 189 F. Supp. 237, 244
(M.D. Pa. 2002) (same).

     The Third Circuit has held that "a contract's
references to the laws of a particular state may provide
persuasive evidence that the parties to the contract
intended for that state's law to apply." Clover, 195 F.3d
at 165.  Further, the Court found that use of the state's
name in the title of the policy or repeated mention of a
particular state and its laws in the policy itself is
sufficient to establish that the parties implicitly intended
that the particular state's laws should apply. Id.  In
reviewing the lower court's decision in that case, "the
Third Circuit concluded that the District Court should have
considered the content of the endorsement itself, rather
than an interest analysis as determinative of the choice of
law question." Hatchigian, 2008 U.S. Dist. LEXIS 96161 at
*17 (citing Clover, 195 F.3d at 164-65.  Thus, pursuant to
the Third Circuit's ruling in Clover, we look to the

Plaintiff's claims and the content of the insurance policy
at hand.

Plaintiff alleges claims for breach of the insurance
policy and bad faith under Pennsylvania law or Delaware law.
Defendant submits that Plaintiff's Pennsylvania state law
claims should be dismissed based on Pennsylvania choice of
law analysis.  Plaintiff argues in response that dismissal
of said claims would effectively bar her ability to plead in
the alternative.

As required under Pennsylvania's choice of law rules,
the insurance policy at issue clearly and repeatedly
references Delaware and Delaware law throughout.  Clover,
195 F.3d at 165; Hatchigian, 2008 U.S. Dist. LEXIS 96161 at
*17.  For instance, the policy is entitled "The Hartford
Personal Auto Insurance Policy – Delaware" and provides that
accidental damage to property resulting from an accident
will be paid in accordance with the Delaware Code.  (Cmpl.
Ex. A.)  Therefore, because Plaintiff's Pennsylvania state
law claims are directly related to the insurance policy,
which clearly references Delaware law, Delaware law should
apply.  Similarly, per the Third Circuit's holding in
Clover, Delaware, and not Pennsylvania bad faith law should
also apply.

Plaintiff argues that <u>Clover</u> is distinguishable because it does not apply to contracts of adhesion, where, as the Third Circuit explained, courts may disregard a choice of law clause due to a finding of unequal bargaining power between the parties.  (Pl. Res. at 6.) (citing <u>Clover</u>, 195 F.3d at 166).  This is not a proper distinction because the insurance policy at issue in this case contained no choice of law clause, and, therefore, a determination of relative bargaining power of the parties is not in order.

In sum, Plaintiff has failed to state a claims for breach of the insurance policy and bad faith under Pennsylvania law.  Consequently, because there is no viable claim under the laws of Pennsylvania, Plaintiff cannot plead these claims in the alternative.

## IV. CONCLUSION

The Court, therefore, grants Defendant's motion to dismiss Plaintiff's claims under Pennsylvania law pursuant to Fed. R. Civ. P. 12(b)(6).  An appropriate Order follows.